UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AURELIANO MENDEZ DIAZ,

                Plaintiff,

      v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security
Administration,[1]

                Defendant.

CASE NO. 3:16-CV-05328-DWC

ORDER ON DEFENDANT'S MOTION
TO ALTER OR AMEND THE
JUDGMENT PURSUANT TO
FEDERAL RULE OF CIVIL
PROCEDURE 59(E)

        Plaintiff filed this action, pursuant to 42 U.S.C § 405(g), seeking judicial review of the

denial of Plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental

Security Income ("SSI") benefits. The parties have consented to proceed before a United States

Magistrate Judge. *See* 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule

MJR 13. *See also* Consent to Proceed before a United States Magistrate Judge, Dkt. 6. Before the

Court is Defendant's Motion to Alter or Amend the Judgment Pursuant to Federal Rule of Civil

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, as Acting
Commissioner of Social Security. Fed. R. Civ. P. 25(d).

Procedure 59(e). Dkt. 21. Both in this motion and on the merits, Defendant contends the ALJ properly discounted nineteen opinions rendered by Plaintiff's treating physician, Dr. Lush. Dkt. 17, 21. Upon review, the Court finds no error in the prior decision which would warrant relief under Rule 59(e).

The ALJ in this case discounted Dr. Lush's opinions for three reasons. First, the ALJ found all but two of Dr. Lush's opinions were "intended to be temporary and provided conservative restrictions pending additional study, rather than an earnest assessment of the claimant's abilities." AR 23-24. Second, the ALJ found Dr. Lush's opinions were inconsistent with IME reports contained in the record, which were based on objective testing. AR 23-24. Finally, the ALJ found all of Dr. Lush's opinions appeared to be based on Plaintiff's subjective complaints, which the ALJ had discounted. AR 23-24. Specifically, the ALJ noted Dr. Lush previously documented "signs of significant functional overlay in his own notes". AR 24, (citing AR 677).

The Court found none of these reasons were specific and legitimate reasons, supported by substantial evidence, for discounting the opinion of a treating physician.  Dkt. 19, pp. 8-10. Defendant does not challenge the Court's findings that the ALJ's first and third reasons were inadequate. Instead, Defendant argues the ALJ's second reason for discounting Dr. Lush's opinion was, in fact, a specific and legitimate reason supported by substantial evidence. The Court rejected this argument on the merits, and does so again now.

Here, the ALJ rejected Dr. Lush's opinions because they were "inconsistent with the [independent medical examinations] contained in the record, which are based on objective testing." AR 23-24. The ALJ then went on to say Dr. Lush's opinions, by contrast, appeared to be based largely on Plaintiff's subjective complaints, which the ALJ had found to be not fully credible. But, as explained in the written decision, Dr. Lush's opinions were *also* based on numerous physical

ORDER ON DEFENDANT'S MOTION TO ALTER
OR AMEND THE JUDGMENT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 59(E) -
2

examinations, clinical observations, and objective testing. *See, e.g.*, 680, 683, 690, 693, 696, 713, 719, 784, 798, 810. A critical premise of the ALJ's rationale—that Dr. Lush rendered his opinions without the benefit of objective testing—was erroneous. Thus, at bottom, the ALJ's basis for discounting Dr. Lush's nineteen opinions was that other doctors without a treating relationship examined Plaintiff and came to different conclusions. As the Court stated in the original decision, the fact an examining physician disagrees with the conclusions of a treating physician is not a sufficient reason to discount the opinion of a treating physician—an ALJ must articulate specific and legitimate reasons for giving a treating physician's opinion less weight. *See Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996); *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988).

The Court also notes the ALJ's reasoning on this point is vague and conclusory, and fails to achieve the requisite level of specificity necessary to qualify as a specific and legitimate reason. *Cf. McAllister v. Sullivan*, 888 F.2d 599, 602-03 (9th Cir. 1989) (finding similar reasoning for rejecting a treating physician's opinion was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed"). If there were contradictory clinical *findings* in the independent medical examinations which contradicted Dr. Lush's opinions, the ALJ was obligated to do more than state the conclusion. "[T]he ALJ was required to set forth his own interpretations and explain why they, rather than the doctors' are correct." *Reddick*, 157 F.3d at 725.

For the foregoing reasons, the Court denies the Commissioner's motion to amend the judgment.

Dated this 3rd day of March, 2017.

David W. Christel
United States Magistrate Judge

ORDER ON DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(E) - 3